IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

BRIAN MCCLURE and ROBERT SMITH, PLAINTIFFS,

VS. CIVIL ACTION NO. 2:07CV210-P-A

THE GRAY-BANNER GROUP, LLC;
DAVID E. JOHNSON, INDIVIDUALLY; and
RAYMOND HUERTA, INDIVIDUALLY. DEFENDANTS.

## FINAL JUDGMENT

This matter comes before the court upon Defendants The Gray-Banner Group, LLC, David E. Johnson, and Raymond Huerta's[1] Motion to Dismiss or in the Alternative Motion for Summary Judgment [13]. After due consideration of the motion and the responses filed thereto, the court finds as follows, to-wit:

In their response to the instant motion, the plaintiffs concede that their federal claims under ERISA and HIPAA should be dismissed with prejudice. In the Amended Complaint, federal jurisdiction was premised upon federal question jurisdiction via the plaintiffs' ERISA and HIPAA claims. All of the parties are residents of Mississippi, thus federal diversity jurisdiction is inapplicable. Since all of the plaintiffs' federal claims should be dismissed, the court declines to exercise supplemental jurisdiction over the remaining state-law claims pursuant to 28 U.S.C. § 1367(c)(3).

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) Defendants The Gray-Banner Group, LLC, David E. Johnson, and Raymond Huerta's

---

[1] Per the parties' June 5, 2006 Stipulation of Dismissal, all of the plaintiffs' claims against Defendant Danny Barfield were dismissed with prejudice.

1

Motion to Dismiss or in the Alternative Motion for Summary Judgment [13] is **GRANTED** insofar as the plaintiffs' federal claims arising under ERISA and HIPAA are **DISMISSED WITH PREJUDICE**; however,

(2) Since the court declines to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3) over the plaintiffs' remaining state-law claims, those claims are **DISMISSED WITHOUT PREJUDICE**;

(3) In order to facilitate refiling their state-law claims in an appropriate court of the State of Mississippi, this court hereby tolls the applicable statute of limitations to relate back to the date of the original Complaint - *i.e.*, November 13, 2007; and

(4) This case is **CLOSED**.

**SO ORDERED** this the 11th day of June, A.D., 2008.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE